37 C.C.P.A. (Patents)

## Application of NATIONAL RECREATION ASS'N, Inc.

### Patent Appeal No. 5691.

United States Court of Customs and Patent Appeals.

Argued March 8, 1950.

Decided April 3, 1950.

Truman S. Safford, New York City (Curtis, Morris & Safford, New York City, Richard K. Stevens, and Davidson C. Miller, Washington, D. C., of counsel), for appellant.

E. L. Reynolds, Washington, D. C. (Walter J. Derenberg, Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL and JOHNSON, Judges.

JACKSON, Judge.

The Commissioner of Patents affirmed a decision of the Examiner of Trade-Marks, 77 U.S.P.Q. 632, refusing to register appellant's trade-mark "The Playground" for a weekly magazine devoted to "playground supervision" on the ground that the mark is descriptive of the goods. Thereupon appellant appealed to this court.

It appears that appellant is the owner of a registered mark "Playground and Recreation" for a monthly magazine, and also that the mark sought here to be registered had formerly been registered by appellant, which registration had expired. Appellant contends that the involved mark is registrable under the Trade-Mark Act of 1905, 33 Stat. 724, as amended, basing its contention upon ownership of said registrations which had been issued under that act, and further that the mark is merely suggestive rather than descriptive of the goods to which it is applied.

It was observed by the examiner that the involved mark can not be registered under the 1905 act for the reason that decisions rendered subsequent to the allowance of appellant's prior registration have been modified with respect to registration of titles of publications which are descriptive of the subject matter therein. He cited the decision in the case of McGraw-Hill Publishing Company, Inc. v. American Aviation Associates, Inc., et al., 73 App.D.C. 131, 117 F.2d 293. In that case it was held that the trade-mark "Aviation" is descriptive and not arbitrary or fanciful. It was said there, "It is difficult to conceive of a term that would be more descriptive of the contents of the plaintiff's magazine." The court brushed aside the contention that a descriptive word must designate some physical characteristic of the goods to which it is applied and categorically held that magazines may be described by their subject matter.

The principle announced in that case was followed by the Commissioner of Patents in the case of Ex parte Distribution and Warehousing Publications, Inc., 61 U.S. P.Q. 233. There the commissioner stated that the change of practice adopted by the Patent Office after the decision in the McGraw-Hill case, supra, would meet the approval of this court, as indicated in the case of Crime Confessions, Inc. v. Fawcett Publications, Inc., 139 F.2d 499, 501, 31 C.C. P.A., Patents, 760. The descriptive issue was not involved in that case, but we stated in our decision there as follows: "It would seem obvious to all that the terms 'Crime Confessions' and 'True Confessions' are descriptive. While we cannot pass upon that question in this kind of proceeding, it seems proper to suggest that since the registration of purely descriptive trade-marks is clearly a violation of the law, it would be better for the Patent Office to comply with the law rather than to follow the precedents that have been followed throughout the years."

In view of the decisions in the McGraw-Hill case, supra, and Crime Confessions, Inc. case, supra, the Patent Office has since undeviatingly refused registration of any periodical title as closely descriptive of its contents as "True Confessions" and "Aviation" were stated to be. The examiner considered the registrability of the involved mark under the practice as established in the McGraw-Hill case, supra.

The Commissioner of Patents adopted the ground of refusal appearing in the decision of the Examiner of Trade-Marks. Both the examiner and the commissioner rejected the contention of counsel for appellant that the Trade-Mark Act of 1946, 15 U.S.C.A. § 1051 et seq., contemplates registration of marks such as that sought to be registered here.

We have no doubt that the mark sought to be registered is descriptive of the subject matter contained in the magazine to which it is applied, and therefore not registrable.

With respect to the contention by counsel for appellant that we should give effect "to the policy recognized by Congress in the 1946 Act," it is clear from the very wording of that act that it is immaterial here.

Section 47(a) of the Trade-Mark Act of 1946, 15 U.S.C.A. § 1051 note, provides as follows:

"Sec. 47(a). Applications pending on effective date of Act

"All applications for registration pending in the Patent Office at the effective date of this Act may be amended, if practicable, to bring them under the provisions of this Act. The prosecution of such applications so amended and the grant of registrations thereon shall be proceeded with in accordance with the provisions of this Act. If such amendments are not made, the prosecution of said applications shall be proceeded with and registrations thereon granted in accordance with the Acts under which said applications were filed and said Acts are hereby continued in force to this extent and for this purpose only, notwithstanding the foregoing general repeal thereof."

Appellant has not sought to bring himself within the provisions of that section by amendment, and therefore his application must be considered in the light of the Trade-Mark Act of 1905.

The decision of the Commissioner of Patents is affirmed.

Affirmed.